UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY DeANGELIS,<br>    Plaintiff, | :<br>:<br>:   CASE NO. 3:16-cv-307 (MPS)<br>: |
| v. | :<br>: |
| MONICA FARINELLA, et al.,<br>    Defendants. | :<br>:   AUGUST 18, 2016<br>: |

**RULING AND ORDER**

Plaintiff Jeffrey DeAngelis and filed three motions to strike directed at various defenses asserted by the defendants. In addition, the defendants seek an extension of time to respond to numerous discovery requests. For the reasons that follow, defendants' motion is granted and plaintiff's motions are denied.

I.    Motions to Strike

The plaintiff moves to strike the First, Fourth and Fifth Affirmative Defenses included in the Answer. Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial or scandalous matter." Motions to strike are disfavored and not routinely granted. *Hudson v. Babilonia*, ___ F. Supp. 3d ___, 2016 WL 3264150, at *1 n.2 (D. Conn. June 14, 2016) (quoting *McKinney v. Dzurenda*, No. 3:10-cv-880(AVC), 2013 WL 1296468, at *1 (D. Conn. Mar. 27, 2013)). As the moving party, it is the plaintiff's "burden to demonstrate prejudice by the inclusion of the alleged offending material." *Tech-Sonic, Inc. v. Sonics & Materials, Inc.*, No. 3:12-cv-01376(MPS),

2015 WL 4715329, at *7 (D. Conn. Aug. 24, 2015) (quoting *Holmes v. Fischer*, 764 F. Supp. 2d 523, 532 (W.D.N.Y. 2011)(internal quotation marks omitted).

To prevail on a motion to strike an affirmative defense, the plaintiff must meet a demanding standard.  He "must establish that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) [he]would be prejudiced by the inclusion of the defense." *New England Health Care Emps. Welfare Fund v. iCare Mgmt., LLC*, 792 F. Supp. 2d 269, 288 (D. Conn. 2011).

The defendants' First Affirmative Defense invokes Eleventh Amendment immunity as to any claims against them for damages in their official capacities.  ECF No. 18 at 7.  In his motion to strike, the plaintiff states that he seeks damages from the defendants only in individual capacity.  As the plaintiff failed to identify in his complaint the capacity in which he seeks damages, the defense was properly asserted.

The Fourth and Fifth Affirmative Defenses inform the Court of habeas corpus actions previously filed by the plaintiff regarding the complaints of back pain that are the subject of this action.  In the Fourth Affirmative Defense, the defendants state that the plaintiff is barred from relitigating any issues previously resolved in a state court action under the doctrine of res judicata.  Although the plaintiff disputes the applicability of res judicata to any issues included in this action, the defense is properly asserted and not insufficient.

The Fifth Affirmative Defense identifies another state habeas action.  In his motion to strike, the plaintiff states that he withdrew the state habeas action.  The defendants, however, filed their answer on May 20, 2016.  The plaintiff withdrew the state habeas action four days later.  *See* No. TSR-CV15-4007384-S, www.civilinquiry.jud.ct.gov (last visited Aug. 18, 2016).

2

Thus, the defense was properly included.  Further, application of the doctrine of res judicata only requires that the plaintiff had an opportunity to raise his claims, not that the claims actually were litigated.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

In addition, the plaintiff has not identified any prejudice that he will suffer by inclusion of these three affirmative defenses.  The applicability of the defenses will be considered in the course of litigation and the plaintiff may raise his claims regarding the defenses at that time.  The plaintiff's motions to strike are denied.

II.     Motion for Extension of Time

The defendants seek a first extension of time, until October 6, 2016, to respond to numerous discovery requests served by the plaintiff.  The requests include seven sets of interrogatories, seven sets of requests for production, and five sets of requests for admission.

Local Rule 7 requires that a party seeking an extension of time make a "particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension."  D. Conn. L. Civ. R.  Counsel notes the volume of the requests, scheduling difficulties during the summer with meeting with each defendant to review his or her responses and the need for the medical defendants to obtain and review the plaintiff's medical records before preparing their responses.  The Court considers the reasons proffered by counsel to demonstrate good cause.  The defendants' motion for extension of time is granted.

III.    Conclusion

The plaintiff's motions to strike [**ECF Nos. 20, 21, 22**] are **DENIED**.  The defendants' motion for extension of time [**ECF No. 24**] is **GRANTED**.

**SO ORDERED** this 18th day of August 2016 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge